UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MONICA D. NASH,

          Plaintiff,

          v.                           Case No. 24-CV-442

MILWAUKEE COUNTY SHERIFF, et al.,

          Defendants.

---

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

---

    Currently pending before the court is Monica D. Nash's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Nash's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, her Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

    Because the court is granting Nash's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due

to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Nash's complaint. Nash alleges that on January 17, 2020, she "was the victim of an Attempted Murder/ Intentional Hit and Run on I-94 Eastbound near the American Family Field in Milwaukee, Wisconsin. Milwaukee County Sherriff was dispatched to the scene of the crash and was responsible for the investigation but failed to perform in their duty of protecting and serving the public." Specifically, she alleges that the deputy who investigated the incident, Shawn Bacich, failed to properly investigate the incident by erasing camera footage, falsifying his crash report, and disregarding witness statements. She also alleges that prosecutors failed to reopen the investigation. She states that she believes that Bacich failed to investigate because he "is a known racist and has been disciplined in the past for making racist remarks to African Americans while shopping off duty." (ECF No. 1 at 3.) She states that she believes Bacich's actions were a result of her "skin complexion." (ECF No. 1 at 3.)

As relief she seeks a criminal investigation into the Milwaukee County Sheriff's Department and the underlying hit-and-run and attempted kidnapping. She also seeks ten million dollars. (ECF No. 1 at 5.)

Nash may be attempting to allege a constitutional claim under 42 U.S.C. § 1983—perhaps a substantive due process or equal protection claim under the Fourteenth Amendment. A criminal investigation is beyond the scope of the equitable relief available under § 1983.

Under Wis. Stat. § 893.53, the statute of limitations for such claims is three years. *See Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 822 (7th Cir. 2022). Although the underlying incident occurred on January 17, 2020,. that is not necessarily when Nash's claim accrued. "Accrual of a § 1983 claim—a matter governed by federal law—occurs 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 822 (7th Cir. 2022) (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)). Because the complaint does not conclusively show that Nash's claims accrued before April 12, 2021 (*i.e.*, more than three years before she filed her complaint), dismissal on the basis of the statute of limitations is not appropriate. *Cf. Miles v. Vanderburgh Cty. Jail*, 335 F. App'x 633, 634-35 (7th Cir. 2009).

5
Case 2:24-cv-00442-WED-JPS   Filed 04/24/24   Page 5 of 8   Document 4

Nash names as defendants "Milwaukee County Sheriff," "Milwaukee County District Attorney Office," and "Milwaukee County." (ECF No. 1.) Although she complains of the conduct of Deputy Bacich, she does not name him as a defendant.

It is unclear if Nash intends to sue the Milwaukee County Sheriff's Department or the person who holds (or held at the time of the relevant events) that elected position. The "Sheriff's Department is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). And the complaint is devoid of any allegations that may support personal liability of the Sheriff individually. Therefore, "Milwaukee County Sheriff" must be dismissed as a defendant.

Likewise, "[t]he District Attorney's Office 'is merely a division of the state of Wisconsin, and a state is not a 'person' that can be sued under § 1983.'" *Mosby v. Green Co.*, No. 22-cv-202-wmc1, 2022 U.S. Dist. LEXIS 143370, at *3 (W.D. Wis. Aug. 11, 2022) (quoting *Omegbu v. Milwaukee Cnty.*, 326 F. App'x 940, 942 (7th Cir. 2009)). It, too, must be dismissed as a defendant. And Nash generally would not have any claim for damages against any particular prosecutor because prosecutors are absolutely immune for their prosecutorial acts. *See Imbler v. Pachtman*, 424 U.S. 409, 429 (1976).

Milwaukee County, however, is an entity that may be sued under § 1983. But it is liable only for its own actions, not the actions of its employees. This translates into a requirement that, to state a claim against a municipality, the plaintiff must allege that

she was injured as a result of a policy, custom, or practice. *See Monell v. Dep't Social Servs. of City of New York*, 436 U.S. 658 (1978). Nash has not plausibly alleged that her injuries were the result of any policy, custom, or practice of Milwaukee County, and therefore she has failed to state a claim against it. *See Butler v. City of Milwaukee*, 295 F. App'x 838, 839 (7th Cir. 2008); *Strauss v. City of Chi.*, 760 F.2d 765, 767 (7th Cir. 1985).

Because Nash has failed to state a claim against any of the three entities she names as defendants, her complaint must be dismissed. However, before dismissing the action the court will give Nash an opportunity to file an amended complaint and attempt again to state a plausible claim for relief. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The Clerk shall provide Nash with a copy of the court's standard complaint form along with this order. An amended complaint must stand on its own and fully state all the bases for relief without attempting to incorporate by reference any portion of the original complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that the complaint be dismissed. Nash may file an amended complaint within **14 days** of the date of this order.

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2) any written objection to any order or recommendation herein or part thereof shall be filed within fourteen days of the date of service of this recommendation and order. Failure to file a timely objection with the district court will result in a waiver of a party's right to review.

Dated at Milwaukee, Wisconsin this 24th day of April, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge