UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MONICA D. NASH,

           Plaintiff,

v.                                  Case No. 24-CV-442

SHAWN BACICH, et al.,

           Defendants.

---

## RECOMMENDATION AND ORDER

Monica D. Nash initiated this action on April 12, 2024. After screening Nash's complaint in accordance with 28 U.S.C. § 1915, the court recommended that Nash's complaint be dismissed. *Nash v. Milwaukee Cty. Sheriff*, No. 24-CV-442, 2024 U.S. Dist. LEXIS 75354 (E.D. Wis. Apr. 24, 2024). Nash then filed an amended complaint (ECF No. 6), which the court must now review to determine if it is sufficient to proceed.

Nash alleges that she was the victim of an attempted murder and hit-and-run on January 17, 2020. (ECF No. 6 at 3.) Milwaukee County Deputy Sheriff Shawn Bacich investigated, and in doing so he violated her crime victim rights under state law. (ECF No. 6 at 3.) He deleted evidence and lied about the case. (ECF No. 6 at 3.) Nash filed a complaint with the Sheriff's Department and Denita Ball, Earnell Lucas, Mitchell

Gottschalk, Brent Smoot, Theodore Chidholm, and Ron Lagosh "conspired to hide the details of this investigation." (ECF No. 6 at 3.) She alleges that she "was targeted and discriminated against because I am a young African American female." (ECF No. 6 at 3.)

She requests "a criminal investigation … into Milwaukee County for misconduct, evidence tampering, conspiracy and fraud." (ECF No. 6 at 13.) She also requests an investigation into the underlying criminal offense and damages of $10,000,000. (ECF No. 6 at 13.)

There are issues that may need to be addressed regarding the scope and timeliness of Nash's amended complaint. In Wisconsin, a lawsuit alleging a violation of a constitutional right ordinarily must be filed within three years. Wis. Stat. § 893.53. However, untimeliness is an affirmative defense. A plaintiff need not prove that a case is timely but rather the defendant must prove the case is untimely. A criminal investigation is not the sort of relief a federal court may order. And both Wisconsin's "Rights of Victims and Witnesses of Crime," Wis. Stat. Ch. 950, and the related amendment to the Wisconsin Constitution, Wis. Const. sec. 9m, would appear to bar any cause of action for damages for any violation of their provisions. *See* Wis. Stat. § 950.10(1); Wis. Const. sec. 9m(5); *Howell v. Polk Cty. Sheriff's Dep't*, 2017 WI App 7, 373 Wis. 2d 308, 895 N.W.2d 103, 2016 Wisc. App. LEXIS 783 (unpublished). Nonetheless, as to all defendants other than Milwaukee County, Nash has satisfied the low threshold

applicable under 28 U.S.C. § 1915 and alleged an equal protection claim under the Fourteenth Amendment.

However, Nash has not alleged a plausible claim against Milwaukee County. As the court stated in its prior recommendation:

> Milwaukee County … is an entity that may be sued under § 1983. But it is liable only for its own actions, not the actions of its employees. This translates into a requirement that, to state a claim against a municipality, the plaintiff must allege that she was injured as a result of a policy, custom, or practice. *See Monell v. Dep't Social Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Nash has not plausibly alleged that her injuries were the result of any policy, custom, or practice of Milwaukee County, and therefore she has failed to state a claim against it. *See Butler v. City of Milwaukee*, 295 F. App'x 838, 839 (7th Cir. 2008); *Strauss v. City of Chi.*, 760 F.2d 765, 767 (7th Cir. 1985).

*Nash v. Milwaukee Cty. Sheriff*, No. 24-CV-442, 2024 U.S. Dist. LEXIS 75354, at *6-7 (E.D. Wis. Apr. 24, 2024). Therefore, the court will recommend that Milwaukee County be dismissed as a defendant.

**IT IS THEREFORE ORDERED** that the defendants shall answer or otherwise respond to the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to

charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER RECOMMENDED** that Milwaukee County be **dismissed** as a defendant.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2) any written objection to any order or recommendation herein or part thereof shall be filed within fourteen days of the date of service of this recommendation and order. Failure to file a timely objection with the district court will result in a waiver of a party's right to review.

Dated at Milwaukee, Wisconsin this 3rd day of June, 2024.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge