# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MONICA D. NASH,<br><br>    Plaintiff,<br><br>v.<br><br>MILWAUKEE COUNTY, SHAWN BACICH, DENITA BALL, THEODORE CHISHOLM, BRENT SMOOT, EARNELL LUCAS, DETECTIVE MITCHELL GOTTSCHALK, and RON LAGOSH,<br><br>    Defendants. | Case No. 24-CV-442-JPS<br><br><br>**ORDER** |

1. **INTRODUCTION**

  Now before the Court is Plaintiff Monica D. Nash's ("Plaintiff") amended complaint, ECF No. 6, and Magistrate Judge William E. Duffin's report and recommendation thereon, ECF No. 10. For the reasons discussed herein, and in the absence of any timely objection from Plaintiff, *see* Fed. R. Civ. P. 72, the Court will adopt the report and recommendation, order that Milwaukee County be dismissed as a defendant from the action, and order that Plaintiff's claim for violation of her rights as a victim under Marsy's Law, WIS. CONST. art. I § 9m, be dismissed.

2. **BACKGROUND**

  Plaintiff avers that in January 2020, she was the victim of an "attempted murder/intentional hit and run." ECF No. 6 at 3 (capitalization omitted). The Milwaukee County Sheriff was dispatched to the scene, and Deputy Shawn Bacich ("Bacich") was the lead investigative officer. *Id.*

Plaintiff contends that during the investigation, Bacich violated her rights under state law. *Id.* (citing "Marsy's Law," WIS. CONST. art. I § 9m). She also alleges that he destroyed evidence to interfere with the investigation. *Id.*

Plaintiff contends that after she filed an Internal Affairs complaint on July 30, 2021, Denita Ball, Earnell Lucas, Mitchell Gottschalk, Brent Smoot, Theodore Chisholm, and Ron Lagosh conspired to "hide the details of th[e] investigation" and fabricated evidence. *Id.* Plaintiff also alleges that Milwaukee County actively worked to conceal the "crimes" committed against her. *Id.* Plaintiff avers that she believes she was discriminated against because she is "a young African American female." *Id.*

As relief, Plaintiff seeks a new investigation of the underlying attempted murder/hit and run, as well as damages. *Id.* at 13.

3. **ANALYSIS**

   3.1 **Statute of Limitations**

In his report and recommendation, Magistrate Judge Duffin acknowledged that at least some of Plaintiff's claims are likely time barred. ECF No. 10 at 2. Nevertheless, he did not recommend dismissal on that basis because "untimeliness is an affirmative defense." *Id.*

The Court agrees that declining to engage in a statute of limitations analysis at this juncture is the wiser course of action. *See Sidney Hillman Health Ctr. v. Abbott Laby's, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." (quoting *Cancer Found., Inc., v. Cerberus Cap. Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009))). The Court accordingly says no more on this point at this juncture.

### 3.2 Sought Relief

Plaintiff seeks a new criminal investigation and damages. ECF No. 6 at 13. As Magistrate Judge Duffin noted, however, the Court cannot order that Milwaukee County or its officials undertake a new investigation. ECF No. 10 at 2; *cf. Green v. Evers*, No. 22-CV-605-WMC, 2023 U.S. Dist. LEXIS 45698, at *3 (W.D. Wis. Mar. 17, 2023) (citing *Davis v. Lansing*, 851 F.2d 72, 74 (2d. Cir. 1988) ("The federal courts have no general power to compel action by state officials . . . .")).

Nor can Plaintiff recover damages for the alleged violations of her victims' rights under state law. Marsy's Law—the Wisconsin constitutional provision that Plaintiff expressly invokes, ECF No. 6 at 3—"does not create any cause of action for damages against the state[,] any political subdivision of the state," or any of its employees or agents. WIS. CONST. art. I § 9m; *see also* Wis. Stat. § 950.10(1) (same). Because she cannot actually recover any of the relief she seeks for Bacich's alleged violations of Marsy's Law, the Court will order that that claim be dismissed without prejudice.[1]

### 3.3 Milwaukee County

Magistrate Judge Duffin also recommended that Milwaukee County be dismissed as a defendant from the action because Plaintiff failed to allege, as required under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), that she was "injured as a result of a policy, custom, or practice." ECF No. 10 at 3 (quoting *Nash v. Milwaukee Cnty. Sheriff*, No. 24-CV-442, 2024 U.S. Dist. LEXIS 75354, at *6–7 (E.D. Wis. Apr. 24, 2024)). Plaintiff did not object to that recommendation, and her time to

---

[1] The Court would, in any event, likely decline to exercise supplemental jurisdiction over any such claim. *See* 28 U.S.C. § 1367(c)(1)–(2).

do so has expired.² Accordingly, the Court will order that Milwaukee County be dismissed from the action.

## 4. CONCLUSION

In light of the foregoing, all that remains in this action is Plaintiff's claim against all remaining Defendants for the alleged violation of her equal protection rights under the Fourteenth Amendment. ECF No. 6 at 3.³ As Magistrate Judge Duffin noted, Plaintiff "satisfied the low [pleading] threshold" for such a claim. ECF No. 10 at 2–3.⁴

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 10, on Plaintiff Monica D. Nash's amended complaint, ECF No. 6, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Milwaukee County be and the same is hereby **DISMISSED** as a defendant from the action; and

---

²She also failed to correct this deficiency in her amended complaint after being put on notice of it by Magistrate Judge Duffin's original screening order and recommendation. ECF No. 5 at 6–7 (citing *Monell*, 436 U.S. 658).

³Although Plaintiff alleges destruction and fabrication of evidence, she has no separate due process claim related thereto because the alleged destruction and fabrication of evidence did not occur in the context of a deprivation of Plaintiff's liberty. *See Ballard v. Watson*, No. 16 C 977, 2016 U.S. Dist. LEXIS 78933, at *6–7 (N.D. Ind. June 17, 2016) (colorable due process claim "exists only if the fabricated evidence is used to cause an infringement of the plaintiff's liberty interest" (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 583 (7th Cir. 2012) ("We have consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process *if* that evidence is later used to deprive the defendant of her liberty in some way.")).

⁴The Court at this juncture would typically order service of process of the amended complaint, Magistrate Judge Duffin's report and recommendation, and this order on Defendants, but Magistrate Judge Duffin has already so ordered. ECF No. 10 at 3–4.

**IT IS FURTHER ORDERED** that Plaintiff Monica D. Nash's claim for violation of her rights under Marsy's Law, WIS. CONST. art. I § 9m, be and the same is hereby **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge