UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MONICA D. NASH, <br><br> Plaintiff, <br><br> v. <br><br> SHAWN BACICH, DENITA BALL, THEODORE CHISHOLM, BRENT SMOOT, EARNELL LUCAS, DETECTIVE MITCHELL GOTTSCHALK, and RON LAGOSH, <br><br> Defendants. | Case No. 24-CV-442-JPS <br><br><br> **ORDER** |

On June 3, 2024, Magistrate Judge William E. Duffin entered a recommendation and order on Plaintiff Monica D. Nash's pro se amended complaint. ECF Nos. 6, 10. Magistrate Judge Duffin recommended that Milwaukee County be dismissed as a defendant from the action. ECF No. 10 at 4. He also noted that any objection to his recommendation and order needed to be filed within fourteen days and that failure to timely object would result in "waiver of a party's right to review." *Id.* (citing 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2)).

Plaintiff did not timely object to Magistrate Judge Duffin's recommendation and order. On July 9, 2024, the Court adopted the recommendation and dismissed Milwaukee County as a defendant from the action. ECF No. 15 at 4. The Court also independently concluded that Plaintiff's claim for violation of her rights under Marsy's Law, Wis. Const. Art. I § 9m was subject to dismissal because Plaintiff could not "actually recover any of the relief she seeks for [the] alleged violations of Marsy's

Law." *Id.* at 3 (citing ECF No. 6 at 3, Wis. Const. art. I § 9m, and Wis. Stat. § 950.10(1)). The Court accordingly dismissed that claim without prejudice. *Id.* at 5.

Now before the Court are objections to the Court's order adopting Magistrate Judge Duffin's recommendation and order and independently dismissing Plaintiff's asserted claim under Marsy's Law. ECF No. 18 (dated July 22, 2024). To the extent that Plaintiff objects to the Court's adoption of the recommendation and order regarding the dismissal of Milwaukee County as a defendant, that objection is untimely and therefore forfeited. Magistrate Judge Duffin clearly instructed Plaintiff that any objection to his recommendation and order was due within fourteen days thereof. ECF No. 10 at 4. Plaintiff failed to comply with that instruction. She appears to have believed that she had fourteen days from this Court's adoption of the recommendation, rather than fourteen days from service of the recommendation itself, to object. ECF No. 18 at 2. She is mistaken. And unfortunately, her mistake does not excuse the delay, for "pro se litigants are not excused from compliance with procedural rules," *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)), and "mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines . . . ." *Schmidt v. Wis. Div. of Voc. Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013) (collecting cases). The Court therefore overrules this portion of Plaintiff's objections as untimely and accordingly forfeited.

And to the extent that Plaintiff objects to the Court's independent dismissal of her asserted claim under Marsy's Law, ECF No. 18 at 2–3, which objection the Court interprets as a motion for reconsideration of the dismissal of that claim, the Court will similarly reject it. Plaintiff writes that

she was "unaware that [she] had to list every [constitutional] law and or statute in" her amended complaint, ECF No. 18 at 2, but the Court never said she needed to do so. Plaintiff is correct that she did not need to explicitly cite a law or statute in order to state a claim thereunder, *Sargeant v. Barfield*, 87 F.4th 358, 361 (7th Cir. 2023) (collecting cases), and the Court never said otherwise; nor did it dismiss any of Plaintiff's asserted claims on that basis. It dismissed her asserted claim under Marsy's Law because, as a matter of law, she cannot recover under that law any of the relief that she purported to seek. ECF No. 15 at 3. Plaintiff does not specifically address that conclusion, let alone demonstrate that it was erroneous.

Plaintiff also appears to argue that, in addition to her equal protection claim, *see* ECF No. 15 at 4 (citing ECF No. 6 at 3), the Court should have recognized a claim for conspiracy to conceal an attempted murder and kidnapping under 18. U.S.C. § 241. ECF No. 18 at 3. But this is a criminal statute—not one under which Plaintiff can state a claim. *Johnson v. Piontek*, 799 F. App'x 418, 419 (7th Cir. 2020) (citing *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 306 n.5 (1989)).

For all these reasons, the Court will overrule Plaintiff's objections in their entirety.

Accordingly,

**IT IS ORDERED** that Plaintiff Monica D. Nash's objections, ECF No. 18, to Magistrate Judge William E. Duffin's recommendation and order, ECF No. 10, and the Court's adoption thereof, ECF No. 15, be and the same are hereby **OVERRULED**.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge