# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONICA D. NASH,**
                **Plaintiff,**

      v.                                              **Case No. 24-CV-442**

**SHAWN BACICH, et al.,**
                **Defendants.**

## RECOMMENDATION AND ORDER

Currently before the court is Monica D. Nash's motion to file a second amended complaint. (ECF No. 32.) The defendants do not oppose Nash's motion. (ECF No. 36.) Accordingly, the motion to file an amended complaint is **granted**.

Because the court allowed Nash to proceed without prepayment of the filing fee, the court must screen her second amended complaint. *See* 28 U.S.C. § 1915(e)(2).

Nash's proposed second amended complaint largely restates the allegations of her first amended complaint with respect to Shawn Bacich, Denita Ball, Theodore Chisholm, Brent Smoot, Mitchell Gottschalk, and Ron Lagosh. As the court previously noted, these allegations satisfy the low threshold applicable under 28 U.S.C. § 1915.

Nash does not name Earnell Lucas as a defendant in her second amended complaint. Because the second amended complaint completely takes the place of the

amended complaint, Nash's omission of Lucas as a defendant means he is no longer a defendant in this action.

Nash names two new defendants: Margaret Daun and "Corporation Counsel." Nash alleges that Daun was one of the many people with whom Chisholm conspired "to conceal the details of the attempted murder and attempted kidnapping." The only further detail she provides about Daun is that she "pretended that there was a federal investigation regarding this matter. Daun wrote several emails pretending that the Eastern District of Wisconsin was in charge of this investigation and denied my complaint, stating that this matter was 'above her head'." (ECF No. 32 at 6.)

Bald and conclusory allegations like these are ordinarily insufficient to state a claim. Nonetheless, under the circumstances of this action, the court finds the most prudent path is to allow Nash to proceed against Daun as a defendant. The claims against Daun can be best sorted out through an adversarial motion to dismiss or discovery rather than dismissal at this preliminary stage.

Nash's claim against "Corporation Counsel," however, is insufficient and must be dismissed. Nash alleges, "Corporation Counsel is and was at all times material hereto, a municipal corporation organized under the laws of the State of Wisconsin. According to Wis. Stat. §895.46, Corporation Counsel is obligated to indemnify all defendants in this action."

Nash's allegations belie a misunderstanding of the term "Corporation Counsel." Corporation Counsel is a county's chief attorney responsible for, among other things, providing legal advice to the county and representing the county in civil actions. *See* Wis. Stat. § 59.42. Corporation counsel is not a municipal corporation. Nor is corporation counsel obligated to indemnify the defendants in this action. Even if corporation counsel was a suable entity, Nash has failed to allege any plausible claim against it. Therefore, the court will recommend that "Corporation Counsel" be dismissed from this action.

**IT IS THEREFORE ORDERED** that Nash's motion to file a second amended complaint (ECF No. 32) is granted. The Clerk shall docket Nash's proposed complaint as her second amended complaint.

**IT IS FURTHER RECOMMENDED** that "Corporation Counsel" be dismissed as a defendant in this action.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 18th day of September, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

3
Case 2:24-cv-00442-WED    Filed 09/18/24    Page 3 of 3    Document 39