UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONICA D. NASH,

          Plaintiff,

    v.                                  Case No. 24-CV-442

SHAWN BACICH, et al.,

          Defendants.

ORDER

**1. Procedural History**

Plaintiff Monica Nash, proceeding pro se, filed her Second Amended Complaint against defendants Shawn Bacich, Denita Ball, Theodore Chisholm, Brent Smoot, Mitchell Gottschalk, Ron Lagosh, Margaret Daun, and Corporation Counsel. (ECF No. 38.) She alleges, pursuant to 42 U.S.C. § 1983, that the defendants violated her Fourteenth Amendment right to equal protection under the law. (*Id.* at 3.)

On September 18, 2025, this Court screened Nash's Second Amended Complaint and recommended Corporation Counsel be dismissed. (ECF No. 37.) On October 18, the district judge adopted this Court's recommendation and dismissed Corporation Counsel as a defendant in this action. (ECF No. 45.)

On November 25, 2024, the defendants filed a motion to dismiss the Second Amended Complaint. (ECF No. 51.) Nash responded, attaching documents to her response. (ECF No. 54.) The defendants replied and filed a motion to exclude the documents Nash attached to her response. (ECF Nos. 55, 56.) Nash responded to the motion to exclude. (ECF No. 57.)

All parties have consented to the jurisdiction of this Court (ECF Nos. 26, 43) and the motions are fully briefed and ready for resolution.

**2. Facts**

The Court accepts Nash's well-pled allegations as true for purposes of deciding a motion to dismiss and draws all reasonable inferences in Nash's favor. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). The Court also considers "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Concepts Design Furniture, Inc. v. Fisherbroyles, LLP*, No. 22-2303, 2023 WL 2728816, at *1 (7th Cir. Mar. 31, 2023) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). The allegations in the Second Amended Complaint supersede those raised in Nash's prior complaints, so the Court will review only those allegations raised in the Second Amended Complaint. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).

In January 2020, Nash was the victim of an intentional hit and run car crash, which Nash describes as "an attempted murder/ hit and run crash." (ECF No. 38 at 3.)

The perpetrator tried to take her infant child and then fled. (*Id.*) Milwaukee County Sheriff's Deputy, Shawn Bacich, arrived at the scene to investigate. He mishandled the investigation, disregarding witness statements, writing "a bogus crash report filled with missing information and misleading information," and destroying evidence. (*Id.*) Nash filed a complaint with internal affairs, and the department disciplined Bacich for his handling of the investigation. (*Id.*; ECF No. 54 at 20-25.[1]) The Crime Victims Rights Board found that Bacich's actions violated Nash's victim rights under Wisconsin law. (ECF No. 38 at 3; ECF No. 6 at 4-12[2] (all citations reflect ECF pagination).)

In the fall of 2022, investigator Ron Lagosh told Nash that he "found at least one of the videos involved in [her] accident" and was burning a copy for her to pick up. (ECF No. 38 at 3.) But when Nash picked up the DVD, there was nothing on it. She states, "I am very familiar with the technology involved and [have] no idea why I was given a blank DVD. Open records have a legal responsibility to provide records 'as soon as practicable and without delay.' Wis. Stat. § 19.35(4)(a)." (ECF No. 38 at 3.)

---

[1] The Sheriff's Office discipline of Bacich is referenced in the complaint and central thereto and thus may properly be considered in a motion to dismiss. *Concepts Design Furniture, Inc.*, 2023 WL 2728816, at *1 (quoting *Geinosky*, 675 F.3d at 745 n.1).

[2] While only attached to Nash's first amended complaint, the Crime Victims Rights Board decision is referenced in the Second Amended Complaint and central to it, and it is also subject to judicial notice. *Concepts Design Furniture, Inc.*, 2023 WL 2728816, at *1. Defendants acknowledge it may be considered on their motion to dismiss. (ECF No. 52 at 4 n.3.)

Nash contends that defendants Denita Ball, Mitchell Gottschalk, Brent Smoot, and Theodore Chisholm, along with Earnell Lucas,[3] conspired together to hide the details of the crime by writing false reports and lying to other public officials, stating that the crime did not happen despite having seen squad camera video supporting Nash's account of the crime. (ECF No. 38 at 3.) Ball signed off on Bacich's discipline but chose not to reopen the case or properly investigate the matter. (*Id.*) And Gottschalk "ordered [Nash] to stop calling the Sheriff's department." (*Id.*)

Nash contends that Chisholm conspired with others to conceal the details of the crime, writing multiple emails stating that Nash was lying despite video evidence and an internal investigation where Bacich admitted details that support Nash's account of the crime. (ECF No. 38 at 3.) Nash states that Chisholm "collaborated with an outside agency and lied about an 'ongoing investigation' for months," but Nash was never contacted about any investigation, allowed to know who the investigative officer was, or allowed to submit supporting documents to aid in the investigation. (*Id.*)

Nash also states that Corporation Counsel, Maragret Daun, pretended that there was a federal investigation on the matter, writing several emails pretending that the Eastern District of Wisconsin was in charge of the investigation, and denied Nash's complaint. (ECF No. 38 at 4.) Nash attaches to her complaint emails between herself and

---

[3] Nash previously named Lucas as a defendant but did not name him as a defendant in her Second Amended Complaint. Accordingly, he was terminated as a defendant (*see* ECF No. 37 at 1-2) and the parties did not discuss him in their briefing (ECF No. 52 at 3 n.2; ECF No. 54).

Daun in which Daun states that the U.S. Attorney's Office for the Eastern District of Wisconsin would be independently investigating the matter at the request of the Sheriff's Office. (ECF No. 38-1.)

**3. Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject-matter jurisdiction. For purposes of a motion to dismiss under Rule 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017); *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). However, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

To survive a motion to dismiss under Rule 12(b)(6), "a [petition] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014).

**4. Analysis**

    **4.1 Motion to Exclude**

The defendants filed a motion to exclude the documents Nash included in her response to the motion to dismiss. (ECF No. 55.) Nash responds that she does not have a background in legal studies, but that the documents submitted should be considered because they are consistent with the statements in her Second Amended Complaint. (ECF No. 57 at 1-2.)

In deciding a motion to dismiss, courts are generally limited to examining the pleadings, which include the complaint and any exhibits or documents attached to or referenced in the complaint. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993). A narrow exception allows the court to consider documents attached to a motion to dismiss if the documents are referenced in the complaint and the documents are central to the plaintiff's claim. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). If other matters are presented and the court does not exclude them, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d); Civ. L.R. 12; *Venture Assocs. Corp.*, 987 F.2d at 431 (citing *Carter v. Stanton,* 405 U.S. 669, 671 (1972) (per curiam)); *see also*

*Beam v. IPCO Corp.*, 838 F.2d 242, 244-45 (7th Cir. 1988) (noting that a strict interpretation of Rule 12(b) may suggest that the court must explicitly reject the improperly included materials).

Nash attached to her response Bacich's crash report (ECF No. 54 at 6-7) that she alleges is faulty (ECF No. 38 at 3 ("Shawn Bacich[] intentionally destroyed video evidence of this attempted murder, disregarded witness statements, wrote a bogus crash report filled with missing and misleading information."), and the October 2021 notice of suspension against Bacich for his handling of the investigation (ECF No. 54 at 20-25). *See* ECF No. 38 at 3 ("I filed a complaint with internal affairs, which resulted in Bacich being disciplined in December 2021."). These documents are clearly referenced in her complaint and are central to her equal protection claim and thus can properly be considered in resolving the motion to dismiss.

Nash also attached emails from Chisholm (ECF No. 54 at 14) and Daun (ECF No. 54-1) that she referenced in her complaint (ECF No. 38 at 3 ("Chisholm wrote multiple emails stating that I was lying despite the video evidence and the internal investigation where Bacich admitted to knowing that the subject tried to take my child from me at the scene of the crash."); *id.* at 4 ("Daun wrote several emails pretending that the Eastern District of Wisconsin was in charge of this investigation ….")). The emails from Daun are largely duplicative of the emails attached to Nash's Second Amended Complaint and are already part of the pleadings. (ECF No. 38-1); Fed. R. Civ. P. 10(c). To the extent

Nash included emails in her response that were not already part of the pleadings (ECF No. 38-1), the emails are not so central to her claim as to fall within the narrow exception that would allow the court to consider them.

Nash also attached a Video Request List (ECF No. 54 at 8), a Property Report (*id.* at 9-11), a letter confirming the Sheriff's Office received Nash's complaint and rendered disciplinary action against Bacich (*id.* at 12), an email from Shawn Rolland (*id.* at 13), a public records request (*id.* at 15-17), a public records request processing letter (*id.* at 18-19), and a February 2017 notice of suspension against Bacich for making racially inflammatory remarks (*id.* at 26-32). These documents are not referenced in the Second Amended Complaint and cannot be considered by the court in deciding the motion to dismiss.

The Court will grant the defendants' motion to exclude the attached emails not already attached to the Second Amended Complaint, the Video Request List, Property Report, Sheriff's Office letter, public records request, public records request processing letter, and Bacich's February 2017 notice of suspension. The Court will deny the motion as to Bacich's crash report and his October 2021 notice of suspension.

**4.2 Equal Protection Clause**

Nash's Second Amended Complaint states that she is bringing "a Civil Rights action under 42 U.S.C. § 1983 to rectify the deprivation of rights under the color of law

of [her] rights for equal protection under the laws covered by the [F]ourteenth [A]mendment of the United States Constitution." (ECF No. 38 at 3.)

The defendants first argue that Nash does not have Article III standing because she "has no legally protected interest, which is concrete and particularized, and actual and imminent." (ECF No. 52 at 7.) They state that Nash's claim is predicated on her role as a victim in a hit-and-run car crash that she alleges the Milwaukee County Sheriff Department employees inadequately investigated. (*Id.* at 7.) The defendants argue that there is no constitutional right to police assistance or an investigation and, as a crime victim, Nash "lacks a judicially cognizable interest in the prosecution or nonprosecution of another person …." (*Id.* at 8-9.)

The defendants are correct that Nash does not have a cognizable injury based on a right to have law-enforcement act on her behalf. *See Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887 (7th Cir. 2012) (per curiam) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)), *aff'g by an equally divided court* No. 10-C-785 (E.D. Wis. Oct. 13, 2010); *see also Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000) ("[T]he [equal protection] clause, concerned as it is with equal treatment rather than with establishing entitlements to some minimum of government services, does not entitle a person to adequate, or indeed to any, police protection."). The court cannot order Milwaukee County or its officials to undertake a new investigation, as Nash requests. (ECF No. 38 at 5); *Green v. Evers*, No. 22-CV-605, 2023 WL 2562713, at *2 (W.D. Wis. Mar.

17, 2023) (citing *Davis v. Lansing*, 851 F.2d 72, 74 (2d. Cir. 1988) ("The federal courts have no general power to compel action by state officials ….")).

However, "selective withdrawal of police protection, as when the Southern states during the Reconstruction era refused to give police protection to their black citizens, is the prototypical denial of equal protection." *Hilton*, 209 F.3d at 1007 (citing *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36, 70 (1872)); *Del Marcelle*, 680 F.3d at 908 (Wood, J., dissenting) ("[a] person who has been adversely affected by discrimination has suffered injury-in-fact; the differential treatment is the cause of his injury; and that injury can be redressed either by damages or injunctive relief. No more is required to support standing."). Nash's complaint could be interpreted as charging the defendants with arbitrarily providing her less police protection than other residents, which is a valid basis for an equal protection claim. *See Del Marcelle*, 680 F.3d at 888 (per curiam). Thus, the Court will not dismiss Nash's complaint for lack of standing.

The defendants alternatively argue that Nash fails to state an equal protection claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 52 at 11-23.) They argue she does not state a claim based on membership in a protected class because "[t]he [Second Amended Complaint] is utterly devoid of any allegations of discriminatory effect or discriminatory conduct by any defendant." (*Id.* at 14-15.) They further argue that Nash also does not state a claim under the class-of-one theory because she "fails to allege facts that would reasonably infer [sic] that any defendant singled her out for

10

Case 2:24-cv-00442-WED    Filed 03/11/25    Page 10 of 17    Document 58

intentionally discriminatory treatment and lacked a rational basis for doing so." (*Id.* at 15-18.)

Nash responds by largely restating the allegations in her Second Amended Complaint, adding facts not in her Second Amended Complaint, and repeatedly stating that the defendants acted differently while handling her complaint than when handling complaints of people of "different ethnicities and genders." (*See* ECF No. 54 at 1-3 (interchangeably using "race" and "ethnicity," and sometimes referring to ethnicity/race and gender, and sometimes referring only to ethnicity or race).)

The Court must "liberally construe" Nash's pro se complaint; "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even pro se plaintiffs must allege some factual support for their claims and comply with the court's local rules and the Federal Rules of Civil Procedure. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988); *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

The Equal Protection clause prohibits intentional and arbitrary discrimination. *Dunnet Bay Constr. Co. v. Borggren*, 799 F.3d 676, 696 (7th Cir. 2015). The vast majority of equal protection claims are based on membership in a class (e.g., race, national origin, sex). *See Cox v. Med. Coll. of Wis. Inc.*, 651 F. Supp. 3d 965, 1007 (E.D. Wis. 2023) (to state an equal protection claim based on status, the "plaintiff must sufficiently allege that

they were treated differently by the government based on membership in a protected class, and that the defendant acted with discriminatory intent" (quoting *Doe v. Bd. of Educ.*, 611 F. Supp. 3d 516, 532 (N.D. Ill. 2020))).

A less common—and harder to prove—equal protection claim is based on a "class of one." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 588 (7th Cir. 2021) ("Class-of-one claimants carry a heavy burden."). The Equal Protection Clause gives rise to class-of-one claims because it "protect[s] individuals against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Geinosky*, 675 F.3d at 747. The class-of-one claimant must show, at a minimum: (1) "that she has been intentionally treated differently from others similarly situated" and (2) "that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564. "Rational basis" is a highly deferential standard in which the government action will be upheld so long as there is *any* conceivable basis for the action that is rationally related to some legitimate government interest. *Ill. Bible Colls. Ass'n v. Anderson*, 870 F.3d 631, 639 (7th Cir. 2017); *Srail v. Vill. of Lisle*, 588 F.3d 940, 946 (7th Cir. 2009) ("This is an onerous test to overcome …. ").

It is unsettled in this circuit what else a class-of-one plaintiff is required to plead to state a claim. Particularly, it is unclear whether the plaintiff must plead that the defendant's actions were due to animus. *See Baliga v. Smith*, No. 23-1786, 2024 WL

12

Case 2:24-cv-00442-WED   Filed 03/11/25   Page 12 of 17   Document 58

511877, at *4 (7th Cir. Feb. 9, 2024) ("Though the *Olech* standard is uncontroversial, the requirements for a successful class-of-one claim—particularly, what, if any, role animus has—remain unsettled in this court."); *see also Brunson v. Murray*, 843 F.3d 698, 706 (7th Cir. 2016) ("[I]n *Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012)[,] … the en banc court produced three separate opinions in a tie vote affirming the district court's dismissal of the suit. The crux of the disagreement was whether the plaintiff in a class-of-one claim must demonstrate only that there is no possible justification or rational basis for the defendant's actions, *id.* at 900 (Easterbrook, C.J., concurring in the judgment), or if the plaintiff must demonstrate a lack of justification *and* also present evidence of hostile intent or animus, *id.* at 889 (Posner, J., plurality opinion), or if the plaintiff must demonstrate an absence of rational basis, which can be satisfied with evidence of animus, *id.* at 913 (Wood, J., dissenting).")

Furthermore, not every arbitrary decision can give rise to a constitutional violation pursuant to a class-of-one claim; the plaintiff's claim must also "distinguish … ordinary wrongful acts [from] deliberately discriminatory denials of equal protection." *Geinosky*, 675 F.3d at 748.

It appears Nash is bringing a class-of-one equal protection claim. Her complaint fails to include any allegation of discrimination or animus. Even if this is not fatal to a class-of-one claim, her complaint also fails to allege that she was intentionally treated differently than others similarly situated. Although Nash's response repeatedly states

that she was treated differently than others of different race and sex (ECF No. 54 at 1-3), the court can only consider allegations in her Second Amended Complaint when deciding a motion to dismiss. Even if Nash had included these allegations in her Second Amended Complaint, they are simply conclusory statements, unsupported by facts, that are insufficient by themselves to state a claim.

While Nash alleges the defendants engaged in wrongful acts—violating department policy and state law in their handling of her complaints—nothing in her Second Amended Complaint differentiates these wrongful acts from mere wrongdoing. Nash only alleges that the defendants failed to comply with department policy and state law. Such violations do not, by themselves, amount to an equal protection violation under the U.S. Constitution.

The complete lack of facts regarding animosity or arbitrariness in the defendants' handling of Nash's complaints, as opposed to other citizens' complaints, require the Court to dismiss her Second Amended Complaint. However, where a pro se complaint fails to state a claim but "the pleadings … indicate that the absence of sufficient facts is simply the result of unskilled *pro se* pleading[,] … the petitioner should be given another opportunity to proceed … by submitting an amended complaint." *Smith-Bey*, 841 F.2d at 758. Nash's previous complaints and current briefing and submissions to the court suggest that she means to bring an Equal Protection Claim based on her status as a black woman but has failed to include such facts and allegations in her latest

complaint. (ECF No. 1 at 3 ("Deputy Bacich is a known racist and has been disciplined in the past for making racist remarks to African Americans while shopping off duty. I feel that the deputy's lack of care/ concern for me and my child was because of our skin complexion."); ECF No. 6 at 3 ("I believe I was targeted and discriminated against because I am a young African American female. … I have no knowledge of a majority raced female experiencing a situation of this caliber with Milwaukee County.").)

Accordingly, the Court will give Nash one more chance to state her claim. *See Cox*, 651 F. Supp. 3d at 1009 ("Courts should not dismiss the complaint unless it is beyond a doubt that there are no facts to support relief." (quoting 3 Moore's Federal Practice – Civil § 15.15)). An amended complaint supersedes any and all prior complaints. If Nash files a third amended complaint, she must succinctly and clearly include *all facts and allegations* that give rise to her claim. The Court cannot, and will not, consider any information that is not included in the document. Thus, Nash must include *anything* she wants the Court to consider in a third amended complaint.

Because Nash's Second Amended Complaint is dismissed, the Court does not reach the defendants' qualified immunity arguments. (ECF No. 52 at 23-25.) Qualified immunity does not make any amended complaint futile because it is clearly established that the Equal Protection Clause prohibits intentional racial discrimination by state and local officials. *Taylor v. Ways*, 999 F.3d 478, 487 (7th Cir. 2021). Thus, the qualified

immunity issue does not affect this Court's decision to grant Nash leave to amend one more time.

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that the defendants' Motion to Exclude Documents Filed by Plaintiff in Response to Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 55) is GRANTED IN PART AND DENIED IN PART. It is granted as to the attached emails not already attached to the Second Amended Complaint (ECF No. 54 at 13, 14; ECF No. 54-1); the Video Request List (ECF No. 54 at 8); Property Report (*id.* at 9-11); Sheriff's Office letter (*id.* at 12); public records request (*id.* at 15-17), public records request processing letter (*id.* at 18-19); and Bacich's February 2017 notice of suspension (*id.* at 27-32). It is denied as to Bacich's crash report (ECF No. 54 at 6-7) and his October 2021 notice of suspension (*id.* at 20-25).

**IT IS FURTHER ORDERED** that the defendants' Motion to Dismiss Second Amended Complaint (ECF No. 51) is GRANTED, and that Nash's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE. Nash may file a third amended complaint within **14 days** of the date of this order. If she chooses to file a third amended complaint, she must provide the factual detail necessary to state a claim. *An amended complaint must stand on its own and fully state all the bases for relief without attempting to incorporate by reference any portion of a prior complaint*.

**IT IS FURTHER ORDERED** that all of Nash's filings with the court shall be mailed to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Nash should also retain a personal copy of each document.

Nash is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, Nash must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 11th day of March, 2025.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge